UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY KERR, )<br>)<br>Plaintiff, )<br>)         CIVIL ACTION NO.<br>VS. )<br>)         3:05-CV-1580-G<br>DIGITAL WITNESS, LLC, )<br>)         **ECF**<br>Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Digital Witness, LLC ("Digital" or "the defendant"), to dismiss the plaintiff's retaliation claim and the plaintiff's claim for breach of the duty of good faith and fair dealing. The plaintiff, Timothy Kerr ("Kerr" or "the plaintiff"), opposes the defendant's motion. For the reasons below, Digital's motion is granted in part and denied in part.

I. BACKGROUND

Kerr started working for Digital on or about September 20, 2004. Plaintiff's Original Complaint ("Complaint") ¶ 13. He continued working for Digital until he was terminated on April 11, 2005.* *Id.* ¶ 8. The stated reason for his termination

---

        \*        The complaint actually asserts that Kerr was terminated on April 11,
(continued...)

was that he "complained too much about the changes in compensation and about the service department problems affecting sales and installations; further, that his complaining was affecting other sales representatives['] attitudes." *Id.* ¶ 25.

Kerr commenced this action against Digital on August 10, 2005, claiming (1) breach of contract, (2) retaliation in violation of the Fair Labor Standards Act ("FLSA"), (3) gender discrimination in violation of Title VII of the Civil Rights Act of 1964, (4) age discrimination in violation of the Age Discrimination in Employment Act, and (5) entitlement to exemplary or punitive damages and attorney fees. *Id.* ¶¶ 28-39.

## II.  ANALYSIS

On August 29, 2005, the defendant filed this motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Kerr's claim for breach of the duty of good faith and fair dealing and Kerr's claim for retaliation in violation of the FLSA. Defendant's Motion to Dismiss Plaintiff's FLSA Retaliation and Good Faith Claims ("Defendant's Motion").

### A.  Kerr's Breach of Good Faith and Fair Dealing Claim

The plaintiff does not expressly seek recovery for breach of the duty of good faith and fair dealing, but the defendant apparently reads the plaintiff's original

---

*(...continued)
2004.  Complaint ¶ 13.  The court assumes, however, that Kerr was terminated *after* he was hired, not before.

complaint as alleging such a claim.  *See* Defendant's Motion at 3.  Paragraph 11 of the plaintiff's original complaint states:  "Claim is made for breach of the duty of good faith and fair dealing . . .," Complaint ¶ 11, and the defendant moves to dismiss this apparent claim.  In the plaintiff's response, Kerr acknowledges that he did "make reference to a claim for the breach of the duty of good faith and fair dealing though no recovery has been requested in regard to this claim." Plaintiff's Response at 1.  Accordingly, he "withdraws the claim for breach of the duty of good faith and fair dealing, without prejudice, and for which plaintiff will file an amended complaint not later than October 11, 2005." *Id*.  To date, however, the plaintiff has not filed an amended complaint.  Therefore, the court will dismiss, without prejudice, any claim arguably made by the plaintiff for breach of the duty of good faith and fair dealing.

### B.  Kerr's FLSA Retaliation Claim

The defendant argues that the allegations in the plaintiff's complaint do not state facts showing that the plaintiff engaged in statutorily protected activity under the FLSA and thus should be dismissed for failing to state a claim on which relief can be granted.  Defendant's Motion at 2-3.

#### 1.  *Rule 12(b)(6) - The Legal Standard*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  There are two primary principles that guide the court's determination of whether dismissal under Rule

12(b)(6) should be granted. First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant could prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing 5B WRIGHT & MILLER § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. See *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In addition, a court must not look beyond the pleadings when determining whether a complaint states a claim upon which relief may be granted. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th Cir. 1982), *cert. denied*, 464 U.S. 932 (1983).

2.  *Digital's Grounds For Dismissal*

The FLSA protects employees who have filed a complaint or instituted a proceeding under or related to the FLSA.  29 U.S.C. § 215(a)(3); *James v. MedicalControl, Inc.*, 29 F. Supp. 2d 749, 752 (N.D. Tex. 1998).  The FLSA provides, in pertinent part, that:

> [It is] unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3).  This conduct is activity statutorily protected by the FLSA. See *Kanida v. Gulf Coast Medical Personnel LP*, 363 F.3d 568, 580-81 (5th Cir. 2004).

The defendant argues that the plaintiff has not alleged that he engaged in any activity statutorily protected by the FLSA.  Defendant's Motion at 2.  Specifically, there is no allegation that the plaintiff filed any type of FLSA complaint prior to his termination.  *Id.*  Instead, the plaintiff states that he complained to his sales manager about changes in his compensation.  *Id.*  As a result, the defendant asserts, the plaintiff fails to allege facts sufficient to support a claim that he engaged in activity protected by the FLSA, and therefore, the plaintiff's claim for retaliation should be dismissed.

The plaintiff opposes the defendant's motion. *See* Plaintiff's Response in Opposition to Defendant's Motion to Dismiss for Failure to State a Claim ("Plaintiff's Response"). He alleges that the defendant's sales manager terminated him and that the stated reason, in part, was that Kerr complained too much. *Id*. at 2. The plaintiff argues that an informal complaint regarding violations of the FLSA can meet the "complaint" requirement of the FLSA. *Id*. at 3.

Neither the Supreme Court nor the Fifth Circuit Court of Appeals has decided whether an informal complaint to an employee's manager is sufficient to satisfy the complaint requirement of the FLSA. See *Dearmon v. Texas Migrant Council, Inc.*, 252 F. Supp. 2d 367, 367-68 (S.D. Tex. 2003). To date, the First, Sixth, Eighth, Ninth, Tenth, and Eleventh Circuits have held that an internal complaint to the employer may satisfy the complaint requirement of the FLSA. See *Lambert v. Ackerley*, 180 F.3d 997, 1002-08 (9th Cir. 1999) (holding that, as a matter of first impression, the FLSA retaliation provision protects employees who complain to their employers about alleged FLSA violations), *cert. denied*, 528 U.S. 1116 (2000); *Valerio v. Putnam Associates Incorporated*, 173 F.3d 35, 41-42 (1st Cir. 1999) (concluding that, as a matter of first impression, FSLA's retaliation provision protects an employee who has lodged a written internal complaint with her employer); *Equal Employment Opportunity Commission v. Romeo Community Schools*, 976 F.2d 985, 989-90 (6th Cir. 1992) (finding that the triggering mechanism for a retaliation claim is the assertion of

statutory rights and not the filing of a formal complaint); *Equal Employment Opportunity Commission v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989) (finding that discharge of female employees in response to their complaints about unequal pay constituted retaliatory discharge, even though employees had not yet filed formal charges of discrimination with the Equal Employment Opportunity Commission); *Love v. Re/Max of America, Inc.*, 738 F.2d 383, 387 (10th Cir. 1984) ("The [FLSA] applies to the unofficial assertion of rights through complaints at work."); *Brennan v. Maxey's Yamaha, Inc.*, 513 F.2d 179, 181 (8th Cir. 1975) (finding discharge violates the FLSA where the immediate cause or motivating factor of a discharge is the employee's assertion of statutory rights). Only the 2nd Circuit requires a formal complaint to the government agency or a court to established an unlawful retaliation claim. *Lambert v. Genesee Hospital*, 10 F.3d 46, 55 (2d Cir. 1993), *cert. denied*, 511 U.S. 1052 (1994).

  This court will follow the majority of circuits and apply the rule that internal complaints to the employer may satisfy the complaint requirement of the FLSA. However, within those circuits, not all "abstract grumblings"will suffice to constitute the filing of a complaint with one's employer. *Valerio*, 173 F.3d at 44. There is a point at which an employee's concerns and comments are too generalized and informal to constitute "complaints" that are "filed" with an employer within the meaning of the FLSA. *Id.*

In this case, the plaintiff has alleged that the stated reason for his termination was that he "complained too much about the changes in compensation and about the service department problems affecting sales and installations; further, that his complaining was affecting other sales representatives['] attitudes." Complaint ¶ 25. Although these complaints may amount to "abstract grumblings," or they may be too generalized, this court must view the plaintiff's allegations in the light most favorable to him. Viewed in this light, the court cannot say with certainty that Kerr could not prove any set of facts that would entitle him to relief. Accordingly, the defendant's motion to dismiss the plaintiff's retaliation claim is denied.

### III.  CONCLUSION

For the reasons discussed above, the defendant's motion to dismiss is granted in part and denied in part.

It is **ORDERED** that the defendant's motion to dismiss the plaintiff's claim for breach of the duty of good faith and fair dealing is **GRANTED**.

It is further **ORDERED** that the defendant's motion to dismiss the plaintiff's claim for retaliation in violation of the FLSA is **DENIED**.

December 1, 2005.

A. JOE FISH
CHIEF JUDGE